Ruffin, C. J.
 

 The court has been not a little embarrassed, as to the light in which this case is to be viewed, and the questions intended to be presented for our determination. The pleadings are so defective, and the proceedings so ir-regnlar, that we should be obliged to reverse the judgment 011 those grounds; for it would seem that there was no jury, but that the court decided the case upon proof of the bond by witnesses, and the reading of that instrument. On the other hand, the bond is not formally spread on the record on oyer, so as to found a demurrer or motion in arrest of judgment for any defect in it. We conjecture, however, that the real object was to obtain from the judge iu the Superior Court., and from this Court, an opinion upon the validity of the bond, as a copy of it is inserted in the record, and made a part of the case stated. We prefer, therefore, deciding the case upon that point, as involving the merits, rather than sending it back simply upon the bad pleading or error in the mode of trial.
 

 It then appears by the
 
 scire facias
 
 in this case, that the defendant issued as the bail of one John Polony, in an action instituted against Polony by the present plaintiff The alleged bail bond is an obligation given by Polony and Walker to William Hankins, the sheriff of Brunswick, iti a certain sum, with the following condition : “that if the above bound John Polony and John Walker, do, and shall make
 
 *184
 

 their
 
 personal appearance before &c. at &c. on &c., then and there to answer the complaint of Charles Clark, in a plea of trespass on the case to his damage $150, and stand a11^ abide by the judgment of said court, and not depart the same without leave, that then this obligation &c.”
 

 We hold this bond to be void by force of the act, Rev. St. c. 109, s. 19, which makes it unlawful for a sheriff to take a tond from'any person in his custody, concerning any matter relating to his office, otherwise payable than to himself as sheriff
 
 and dischargeable upon the prisoner's appearance,
 
 and rendering
 
 himself
 
 at the day and place required in the writ,
 
 and his sureties discharging themselves as special bail of such prisoner ;
 
 and every other obligation taken by the sheriff in any other form or manner, by color of his office is made null and void. Were it not for the case of
 
 Rhodes
 
 v Vaughan, 2 Hawks 167, it might be much doubted whether a bail bond was good, which omitted in the condition a clause for the discharge' of the sureties as special bail; in which character only they have the privilege of surrendering the principal, or can avail themselves of his death or of the want of a
 
 ca. sa.
 
 But it was held in that case by a majority of the court, and we are not disposed to disturb the deck sion, that the rights of the bail were secured not merely by the words of the obligation, but by the law.; and that if it appeared by the bond that the parties stood in the relation of principal and bail, that was sufficient to require the court
 
 to
 
 allow the latter all the privileges of bail, and, consequently, to sustain the bond. It is quite clear from the language there used by the court, either that the bond must expressly contain the clause, in the words of the statute, for the discharge of the sureties as special bail, or that in some other way it must express the relation of the obligors in the bond to each other, as principal and bail; so that the law could adjudge the consequences. In that case the condition was, that J. Jennings, “
 
 one
 
 of the above bounden should make
 
 his
 
 appearance &c. to answer &c. and not depart the court without leaveand that was held sufficiently to exhibit the relation of the parties. But in our case, upon a writ against Polony, the sheriff took a bond from him and another, that
 
 *185
 

 they both
 
 should appear and answer the action, and stand to and abide the judgment of the court. This is not the contract of bail in its terms; nor can it be inferred from the bond that one is bail for the other. But both appear to be principals, and each is alike bound to perform the judgment. In other words, the bail is bound absolutely for the payment of the recovery, according to the tenor of this obligation ; which is directly contrary to the statute, and renders the bond void.
 

 If we were sure that this was the point, on which the decision was made in the Superior Court, as upon a demurrer, we would reverse the judgment, and give judgment here for the defendant. But as it cannot be told certainly how the parties intended to raise the question,- we content ourselves with reversing the judgment and remanding the cause, that the issues may be tried or the parties replead and put the bond or any other matter on the record, which they wish to bring in review.
 

 Per Curiam. Judgment reversed;